UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------
JOHN H.,

                      Plaintiff,        <u>DECISION AND ORDER</u>
                                           1:25-cv-01029-GRJ

      v.

COMMISSIONER OF SOCIAL SECURITY,

                      Defendant.
--------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In February of 2022, Plaintiff John H.[1] applied for Disability Insurance Benefits under the Social Security Act. The Commissioner of Social Security denied the application.  Plaintiff, represented by Olinsky Law Group, Howard David Olinsky, Esq., of counsel, commenced this action seeking judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 9).

This case was referred to the undersigned on December 10, 2025. Presently pending are the parties' competing requests for judgment on the pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure.

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

For the following reasons, Plaintiff's request is due to be denied, the Commissioner's request is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on February 3, 2022, alleging disability beginning May 12, 2021. (T at 10).[2]  Plaintiff's application was denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held on November 1, 2023, before ALJ Laura Michalec Olszewski. (T at 36-73). Plaintiff appeared with an attorney and testified. (T at 45-62). The ALJ also received testimony from Michele Erbacher, a vocational expert. (T at 63-71).

### B.    ALJ's Decision

On April 25, 2024, the ALJ issued a decision denying the application for benefits. (T at 14-35).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since May 12, 2021 (the alleged onset date) and meets the insured status requirements of the Social Security Act through December 31, 2026 (the date last insured). (T at 19).

The ALJ concluded that Plaintiff's bipolar disorder and generalized

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 10.

anxiety disorder were severe impairments as defined under the Act. (T at 20).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 21).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, with the following non-exertional limitations: he can only make occasional work-related judgments and decisions; can tolerate no more than occasional changes in the work setting; and is limited to simple, routine, and repetitive tasks, with only occasional interaction with supervisors, co-workers, and the public. (T at 23).

The ALJ concluded that Plaintiff could not perform his past relevant work as a police officer. (T at 30).

However, considering Plaintiff's age (43 on the alleged onset date), education (at least high school), work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 30).

As such, the ALJ found that Plaintiff had not been under a disability, as defined under the Social Security Act, and was not entitled to benefits for the period between May 12, 2021 (the alleged onset date) and April 25, 2024 (the date of the ALJ's decision). (T at 31).

On December 17, 2024, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-6).

### C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on February 5, 2025. (Docket No. 1).  On July 8, 2025, Plaintiff filed a brief requesting judgment on the pleadings. (Docket No. 13).  The Commissioner interposed a brief on September 18, 2025, in opposition to Plaintiff's request and in support of a request for judgment on the pleadings. (Docket No. 18).  On September 18, 2025, Plaintiff submitted a reply brief in further support of his request. (Docket No. 18).

## II. APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial

evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.

2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.

3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

6

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimants can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III. DISCUSSION

Plaintiff argues that the ALJ's assessment of the medical opinion evidence was flawed, which undermines the RFC determination.

"Regardless of its source, the ALJ must evaluate every medical opinion in determining whether a claimant is disabled under the [Social Security] Act." *Pena ex rel. E.R. v. Astrue*, No. 11-CV-1787 (KAM), 2013 WL 1210932, at *14 (E.D.N.Y. Mar. 25, 2013) (citing 20 C.F.R. §§ 404.1527(c), 416.927(d) (2020)) (internal quotation marks omitted).

7

In January of 2017, the Social Security Administration promulgated new regulations regarding the consideration of medical opinion evidence. The revised regulations apply to claims filed on or after March 27, 2017. *See* 20 C.F.R. § 404.1520c.  Because Plaintiff's application for benefits was filed on March 28, 2017 (T at 10), the new regulations apply here.

The ALJ no longer gives "specific evidentiary weight to medical opinions," but rather considers all medical opinions and "evaluate[s] their persuasiveness" based on supportability, consistency, relationship with the claimant, specialization, and other factors. See 20 C.F.R. § 404.1520c (a), (b)(2).   The ALJ is required to "articulate how [he or she] considered the medical opinions" and state "how persuasive" he or she finds each opinion, with a specific explanation provided as to the consistency and supportability factors. See 20 C.F.R. § 404.1520c (b)(2).

Consistency is "the extent to which an opinion or finding is consistent with evidence from other medical sources and non-medical sources." *Dany Z. v. Saul*, 531 F. Supp. 3d 871, 882 (D. Vt. 2021)(citing 20 C.F.R. § 416.920c(c)(2)).  The "more consistent a medical opinion" is with "evidence from other medical sources and nonmedical sources," the "more persuasive the medical opinion" will be. See 20 C.F.R. § 404.1520c(c)(2).

Supportability is "the extent to which an opinion or finding is supported by relevant objective medical evidence and the medical source's supporting explanations." *Dany Z*, 531 F. Supp. 3d at 881. "The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 404.1520 (c)(1), 416.920c(c)(1).

In the present case, Krystal Haas, LMHC, completed a functional assessment in May of 2022. Ms. Haas reported that she had been treating Plaintiff weekly since June of 2021. (T at 396). She diagnosed bipolar II disorder. (T at 396). Ms. Haas stated that Plaintiff struggles with attending to a schedule, being on time, maintaining pace, and completing tasks. (T at 397). He also has difficulty with organization, social interaction, and changes in routine. (T at 397-98).

Dr. Konstantinos Tsoubris performed a consultative psychiatric evaluation in May of 2022. He diagnosed bipolar II disorder with psychotic features and generalized anxiety disorder. (T at 394). Dr. Tsoubris assessed no limitation in Plaintiff's ability to understand, remember, and apply directions and instructions; no impairment as to using reason and

9

judgment to make work-related decision; marked limitation in interacting with others; no impairment in sustaining concentration and performing at pace; marked limitation with respect to sustaining an ordinary routine and regular attendance; marked impairment regulating emotions, controlling behavior, and maintaining well-being; and no limitation in maintaining personal hygiene and appropriate attire. (T at 393-94).

As noted above, the ALJ concluded that Plaintiff retained the RFC to perform simple, routine, repetitive tasks, in an environment that required no more than occasional social interaction, changes in the work setting, and work-related decisions and judgments. (T at 23).

In reaching this determination, the ALJ found Ms. Haas's opinion partially persuasive and Dr. Tsoubris's opinion unpersuasive. (T at 27-28). Plaintiff challenges the ALJ's analysis of these opinions and argues that the ALJ's conclusion is not supported by substantial evidence.

For the following reasons, the Court finds Plaintiff's argument unavailing.

First, the ALJ's decision is supported by other medical opinion evidence of record.

In June of 2022, Dr. Penny, a non-examining State Agency review physician, opined that Plaintiff had mild limitation in understanding,

10

remembering, or applying information, moderate limitation in interacting with others; moderate impairment with respect to concentrating, persisting, or maintaining pace; and moderate limitation adapting or managing himself. (T at 81, 86-87).  Dr. Fernandez, another State Agency review physician, agreed with this assessment in January of 2023. (T at 101, 108).

"'[S]tate agency physicians are qualified as experts in the evaluation of medical issues in disability claims,' and as such, 'their opinions may constitute substantial evidence if they are consistent with the record as a whole.'" *Distefano v. Berryhill*, 363 F. Supp. 3d 453, 474 (S.D.N.Y. 2019)(quoting *Leach ex rel. Murray v. Barnhart,* 02 Civ. 3561, 2004 U.S. Dist. LEXIS 668, at *26 (S.D.N.Y. Jan. 22, 2004)); *see also Ortiz v. Comm'r of Soc. Sec*., 309 F. Supp. 3d 189, 205 (S.D.N.Y. 2018)("Moreover, the opinion of a non-examining medical expert … may be considered substantial evidence if consistent with the record as a whole.").

Dr. Alison Murphy performed a consultative psychiatric evaluation in January of 2023. She diagnosed bipolar disorder II and found no limitation in Plaintiff's ability to meet the mental demands of basic work activity. (T at 833-34).

Although the ALJ did not accept Dr. Murphy's opinion and incorporated significant limitations in Plaintiff's mental RFC (T at 28-29),

11

her opinion nevertheless provides support for the decision to discount the more extreme aspects of the opinions offered by Ms. Haas and Dr. Tsoubris. *See Baker o/b/o Baker v. Berryhill*, No. 1:15-CV-00943-MAT, 2018 WL 1173782, at *2 (W.D.N.Y. Mar. 6, 2018)("Where an ALJ makes an RFC assessment that is *more* restrictive than the medical opinions of record, it is generally not a basis for remand.")(emphasis in original)(collecting cases); *see also Rosa v. Callahan*, 168 F.3d 72, 29 (2d Cir. 1999)(noting that "the ALJ's RFC finding need not track any one medical opinion").

Second, the ALJ gave appropriate consideration to the treatment record and Plaintiff's activities of daily living.  Although Plaintiff consistently complained of psychiatric symptoms and engaged in a somewhat limited range of activities, the ALJ reasonably read the record as documenting improvement with treatment (T at 25, 434, 438, 476, 479, 482, 624, 634, 640, 648); consistent social activities and personal care (T at 22-27, 46-58, 278-85, 307-14, 393, 397, 414, 428, 441, 444, 450, 479, 533, 833, 885, 891, 893); and mental examination findings indicating cooperative rapport, good eye contact, intact memory, fair insight and judgment, with appropriate speech, psychomotor behavior, thought process, thought

12

content, and orientation. (T at 881, 883, 885, 887, 889, 891, 893, 895, 897, 899, 901, 903, 905, 907).

Although ALJs must be careful not to overestimate the significance of a claimant's ability to engage in limited activities and/or be cooperative and appropriate during brief visits with supportive medical providers, such evidence can support a decision to discount marked or extreme limitations. *See, e.g., Knief v. Comm'r of Soc. Sec.*, No. 20 Civ. 6242 (PED), 2021 WL 5449728, at *1–2, 8–9 (S.D.N.Y. Nov. 22, 2021) (affirming ALJ decision based on treatment records and mental status examinations that claimant had "meaningful, but not profound, mental restrictions" with chronic anxiety and mood disturbances, adequately treated with regular psychiatric appointments and psychiatric medications); *Burchette v. Comm'r of Soc. Sec.*, No. 19 CIV. 5402 (PED), 2020 WL 5658878, at *10 (S.D.N.Y. Sept. 23, 2020)("In sum, Dr. Phillips' opinion, combined with largely unremarkable mental status examination findings in the treatment record and plaintiff's ADLs, provide substantial evidence for the ALJ's RFC determination.").

Moreover, the ALJ did not disregard the evidence of limitation in Plaintiff's mental functioning.  Rather, the ALJ found Plaintiff limited to simple, routine, repetitive tasks, with reduced requirements for making

13

judgments and decisions, tolerating change, and interacting with others. (T at 23).

To the extent the record shows impairment in Plaintiff's ability to meet the mental demands of basic work activity, the ALJ reasonably reconciled that evidence by incorporating these limitations into the RFC determination. *See McIntyre v. Colvin*, 758 F.3d 146, 150-51 (2d Cir. 2014)(finding that ALJ appropriately accounted for moderate work-related psychiatric limitations by limiting the claimant to unskilled, low stress work involving limited contract with others); *Duffy v. Comm'r of Soc. Sec.,* No. 17CV3560GHWRWL, 2018 WL 4376414, at *18 (S.D.N.Y. Aug. 24, 2018), *report and recommendation adopted,* No. 1:17-CV-3560-GHW, 2018 WL 4373997 (S.D.N.Y. Sept. 13, 2018)("Mild or moderate limitations in concentration do not necessarily establish that a claimant is disabled, particularly where the ALJ limits the scope of work to unskilled, repetitive work.")(collecting cases); *see also Platt v. Comm'r of Soc. Sec.*, 588 F. Supp. 3d 412, 422 (S.D.N.Y. 2022)(collecting cases); *Walters v. Saul*, No. CV 19-3232 (AYS), 2021 WL 4861521, at *11 (E.D.N.Y. Oct. 19, 2021); *Jacqueline L. v. Comm'r of Soc. Sec.*, 515 F. Supp. 3d 2, 12 (W.D.N.Y. 2021).

Plaintiff offers an alternative reading of the record, critiques the ALJ's application of the medical opinion review standard, and argues that more persuasive power should have been given the opinions from Ms. Haas and Dr. Tsoubris.

However, "[s]ubstantial evidence is "a very deferential standard of review — even more so than the 'clearly erroneous' standard." *Brault v. SSA*, 683 F.3d 443, 447-48 (2d Cir. 2012) (per curiam) (citation omitted). "The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." Id. at 448 (emphasis in original) (citation and internal quotation marks omitted). "The role of the reviewing court is therefore quite limited and substantial deference is to be afforded the Commissioner's decision." *Johnson v. Astrue*, 563 F. Supp. 2d 444, 454 (S.D.N.Y. 2008)(citation and internal quotation marks omitted).

Indeed, "[i]f the reviewing court finds substantial evidence to support the Commissioner's final decision, that decision must be upheld, even if substantial evidence supporting the claimant's position also exists." *Id.* (citing *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990)); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is

15

susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

Here, the ALJ's RFC determination, which recognized and accounted for significant mental limitations, is supported by a reasonable reading of the record and appropriate reconciliation of the medical opinion evidence. It must be sustained under the deferential standard of review applicable here. *See DuBois v. Comm'r of Soc. Sec.*, No. 20-CV-8422 (BCM), 2022 WL 845751, at *8 (S.D.N.Y. Mar. 21, 2022)("To be sure, there is some evidence in the record that would support the conclusion that plaintiff had greater limitations than those the ALJ built into her RFC. But that is not the test.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's request for judgment on the pleadings is DENIED, the Commissioner's request for judgment on the pleadings is GRANTED, and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: February 11, 2026          *s / Gary R. Jones*

                                            GARY R. JONES
                                            United States Magistrate Judge